**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 08 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARDS INDUSTRIAL PARK, LP, a California limited partnership; MARC BARMAZEL, an individual, | No. 12-56212 |
| Plaintiffs - Appellants, | D.C. No. 3:11-cv-02059-LAB-DHB |
| v. | MEMORANDUM[*] |
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver for La Jolla Bank; NATIONSTAR MORTGAGE, a business entity, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Argued and Submitted April 7, 2014
Pasadena, California

Before: BRIGHT,[**] FARRIS, and HURWITZ, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The Honorable Myron H. Bright, Senior Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

Richards Industrial Park, LP, and its general partner, Mark Barmazel (collectively "Richards"), appeal the dismissal with prejudice of their complaint against the Federal Deposit Insurance Corporation ("FDIC") for failure to state a claim upon which relief can be granted. We have jurisdiction under 28 U.S.C. § 1291 and reverse.

## I.     Factual Background

Richards entered into a transaction with ALB Properties and La Jolla Bank involving property on Roxbury Terrace in Rancho Santa Fe, California (the "Roxbury Property"). Before the deal could be completed, La Jolla Bank was closed by the Office of Thrift Supervision and the FDIC was appointed receiver. Richards filed a claim with the FDIC asserting that La Jolla Bank and its officers had committed fraud in connection with the failed transaction. In negotiations with the FDIC, Richards sought a ten percent reduction of the principal amounts of the loans on the Roxbury Property and on an unrelated parcel (the "Loma Vista Property") in exchange for renunciation of the fraud claims.

After the FDIC formally denied Richards' claim, Martin O'Riordan, an "SEG Contractor for FDIC as Receiver for La Jolla Bank," sent an email (the "September email") to Barmazel. The September email was entitled "Richards industrial 12544 Loma Vista," and stated: "The committee has approved the case for a 10% discount

2

on your loans.  Please work with your lender to arrange financing."

Richards then entered into a contract to sell the Roxbury Property.  In connection with the sale, Richards sought a payoff letter from the FDIC and the mortgage servicing company, Nationstar Mortgage, LLC ("Nationstar"), reflecting a ten percent discount on the Roxbury Property loan.  When that letter was not forthcoming, Richards sold the Roxbury Property.  Nationstar subsequently sent an email to Richards repudiating any agreement to discount the loans.  Two months later, the FDIC sent Richards a document entitled "FINAL STATEMENT OF ACCOUNT" in which the FDIC agreed to ten-percent reduction of the Loma Vista loan.  However, the FDIC did not discount the Roxbury Property loan.

## II.    Procedural Background

After selling the Roxbury Property, Richards filed this suit against the FDIC and Nationstar.[1]  The complaint alleged that Richards had "communicated in writing with Martin O'Riordan," and attached the September email.  It alleged that O'Riordan "had represented that he was required to obtain FDIC committee authorization for a 10% discount on the plaintiffs' loan and guarantees" and that the September email "was an acceptance of [Richards'] offer to not pursue their claims against the FDIC in return for [a] 10% discount on the Roxbury Property loans and the Loma Vista

---

[1]    On March 31, 2014, Richards filed a "Motion to Dismiss Defendant Nationstar Mortgage Only" from this appeal.  The motion is **GRANTED**.

3

loan." It also alleged that Richards fully performed "by refraining from filing a lawsuit to challenge the Denial of Claim," and sought money damages.

The FDIC filed a motion to dismiss the complaint for failure to state a claim upon which relief can be granted, arguing that (1) there was no lawful consideration for the alleged contract, and (2) the claim was barred by the statute of frauds. In its opposition, Richards contended that an "agreement to forego suing the officers" of La Jolla Bank "constitutes consideration." The opposition also sought leave to file a first amended complaint to "allege that the parties agreed to taket [sic] the Plaintiffs' loans 'off of the FDIC's books'" and that this "constitutes consideration."

The opposition argued that the statute of frauds was satisfied by the September email, which referred to "the obligation of the FDIC," the party to be charged, and spoke of "loans" in the plural, establishing "that the agreement applied to more than the single loan on the Loma Vista Property." Richards also argued that "the term 'loans' in the September 15, 2010 email can be interpreted and supplemented by other emails and writings." Finally, Richards contended that plaintiffs "fully performed . . . by refraining from pursuing their claim against La Jolla Bank and its officers, and by 'taking the loans off the books' of the FDIC," satisfying the statute of frauds.

The district court held that forebearance from pursuing fraud claims against La Jolla Bank was not legal consideration, as those claims were "wholly invalid or

4

worthless" against the FDIC. *Michaelian v. State Comp. Ins. Fund*, 58 Cal. Rptr. 2d 133, 145 (Ct. App. 1996). Under 12 U.S.C. § 1823(e)(1), the court noted, an oral agreement between a customer and a bank does not create liability on the part of the FDIC. And, the court held, the FDIC "doesn't stand to benefit, at all, from [Richards] waiving its claims against [La Jolla Bank's] officers in their individual capacities. Thus, forebearance to sue . . . isn't meaningful consideration."

The district court also rejected Richards' argument that the September email satisfied the statute of frauds, noting that this writing failed to set forth the parties' agreement. The court rejected Richards' argument that California's statute of frauds was satisfied by full performance. *See Ayoob v. Ayoob*, 168 P.2d 462 (Cal. Ct. App. 1946); *Alameda Belt Line v. City of Alameda*, 5 Cal. Rptr. 3d 879, 883 (Ct. App. 2003). California law requires that the "acts constituting performance must 'unequivocally refer' or 'clearly relate' to the oral agreement," and the court found Richards could not "establish that there was such an agreement just by showing that it sold the Roxbury Terrace property prematurely and paid off the loan in full. It may, after all, have had some other incentive to make that sale." *See Secrest v. Sec. Nat. Mortg. Loan Trust 2002-2*, 84 Cal. Rptr. 3d 275, 284 (Ct. App. 2008) (alteration omitted).

Finally, the district court denied Richards' request to amend the complaint.

The court noted that an amendment might "solve the lack of consideration problem," but, stating that the September email was the only writing memorializing the contract, held that any contract claim nonetheless would be barred by the statute of frauds. Because Richards' claim for breach of the covenant of good faith and fair dealing "presumes the existence of a valid contract," the district court dismissed that claim as well. *Guz v Bechtel Nat. Inc.*, 100 Cal. Rptr. 2d 352, 375 (2000). The court granted the FDIC's motion to dismiss the complaint with prejudice. This appeal followed.

## III. Discussion

We review de novo the district court's determination that any amendment of the complaint would be futile. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009). Applying the familiar command that leave to amend should be "freely give[n] . . . when justice so requires," Fed. R. Civ. P. 15(a)(2), we conclude that the district court erred in dismissing the complaint with prejudice.

Perhaps because Richards' original complaint is not a model of clarity, the district court proceeded from the assumption that the September email was the only writing memorializing the alleged contract. But, the opposition to the motion to dismiss expressly argued that the September email could be "supplemented by other emails and writings." This is correct; under California law, several documents may collectively constitute a memorandum that satisfies the statute of frauds. *See* Cal. Civ.

6

Code § 1642 ("Several contracts relating to the same matters, between the same parties, and made as parts of substantially one transaction, are to be taken together."); *Pac. Emp'rs Ins. Co. v. City of Berkeley*, 204 Cal. Rptr. 387, 390 (Ct. App. 1984) (noting that section 1642 "has been broadened by judicial construction, so that it has been applied to several writings, even though they are not 'contracts'").

The other writings that Richards contended could "supplement" the September email were not appended to the complaint or the opposition and therefore were not before the district court. *See* Fed. R. Civ. P 10(c) (providing that attached documents are incorporated into a complaint by reference). Thus, even assuming that the September email was insufficient to satisfy the statute of frauds, the court erred in denying leave to amend. We cannot conclude that an amended complaint, making clear that the purported contract was memorialized collectively in various documents, would fail to state a claim for relief. *See* Fed. R. Civ. P. 8(c)(1) (denominating "statute of frauds" as an affirmative defense); *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902 (9th Cir. 2013) (holding that a district court can address an affirmative defense in ruling on a motion to dismiss only if its validity "is obvious on the face of [the] complaint"); 5A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1327 (3d ed. 2004) ("The provision for incorporation of exhibits in Rule 10(c) is permissive only, and there is no requirement

7

that the pleader attach a copy of the writing on which his claim for relief or defense

is based.").

We therefore reverse the judgment of the district court dismissing the complaint

with prejudice as to the claims for breach of contract and breach of the covenant of

good faith and fair dealing,[2] and remand for further proceedings consistent with this

disposition.[3]

**REVERSED AND REMANDED.**

---

[2]     On appeal, Richards challenged only the district court's dismissal of their claims for breach of contract and breach of the covenant of good faith and fair dealing.

[3]     Richards also argues that it is entitled to discovery of the FDIC committee notes concerning this transaction. This argument is properly addressed to the district court on remand. *See* Fed. R. Civ. P. 26(d).